UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GENO STERLING**                                                                                    **CIVIL ACTION**

**VERSUS**

**STEVE RADER, ET AL**                                                                         **NO. 09-442-D-M2**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 15, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GENO STERLING                                                                          CIVIL ACTION

VERSUS

STEVE RADER, ET AL                                                           NO. 09-442-D-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Geno Sterling ("Sterling"). The State has filed an opposition to Sterling's habeas petition (R. Doc. 11).

## PROCEDURAL BACKGROUND

Sterling was charged with aggravated rape in violation of La. R.S. 14:42 in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on May 13, 1998. He pled guilty to the lesser offense of forcible rape and, on December 9, 1998, was sentenced to twenty-five (25) years in prison at hard labor without the benefit of parole, probation, or suspension of sentence. He did not appeal his conviction and sentence.

On or about November 26, 2001, Sterling filed a post-conviction relief application in the state trial court. According to the State's opposition to Sterling's present habeas petition, such application was denied by the state trial court on or about February 28, 2002. He did not seek writs to the Louisiana First Circuit Court of Appeals or the Louisiana Supreme Court concerning such denial.

1

Sterling filed his present habeas petition on or about July 15, 2009.[1] In his petition, he asserts "one principal argument" – that he has newly discovered evidence supporting a claim of actual innocence, which evidence was unconstitutionally withheld by the prosecution during pre-trial proceedings and resulted in his entering a plea of guilty. In its opposition to Sterling's habeas petition, the State contends that such petition should be dismissed with prejudice because it was untimely-filed and because Sterling failed to exhaust his state court remedies relative to the claims asserted in his habeas petition.

## LAW & ANALYSIS

A habeas corpus petitioner must file an application for relief within the one (1) year time period set forth in 28 U.S.C. § 2244(d), which provides, in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Although the postmark stamp on the envelope in which Sterling mailed his habeas petition is not dark enough to decipher the date thereon, Sterling certified in his habeas petition that he placed that petition in the prison mailing system on July 15, 2009. Under the "prison mailbox rule," such date is considered the filing date of his habeas petition. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999)(Under the "prison mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

[Emphasis Added.] 28 U.S.C. §2244(d)(1)(A) and (d)(2). To be considered "properly filed" for purposes of §2244, an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1811, 161 L.Ed.2d 669 (2005), citing *Artuz v. Bennett*, 531 U.S. at 8, 11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

In the present case, Sterling's judgment of conviction/sentence became final on January 8, 1999, thirty (30) days after he was sentenced on December 9, 1998 because he failed to file a direct appeal. At that point, the one (1) year limitations period under §2244(d) commenced to run and expired prior to his filing his post-conviction relief application in the state trial court nearly three (3) years later, on November 26, 2001. According to the State, Sterling's post-conviction relief application was dismissed by the state trial court on or about February 28, 2002,[2] and another seven (7) years of untolled time then elapsed before he filed his federal habeas petition on or about July 15, 2009. Thus, in sum, in excess of ten (10) years of untolled time under AEDPA passed between the date that Sterling's conviction and sentence became final and the date that Sterling filed his federal habeas petition, and such petition should therefore be dismissed with prejudice as untimely.

---

[2] Although the State failed to submit a copy of the state trial court's ruling denying Sterling's post-conviction relief application on or about February 28, 2002, since the one (1) year limitations period under §2244(d) had already expired prior to Sterling even filing his post-conviction relief application, the undersigned finds that requesting the State to produce proof supporting the February 28, 2002 date is not necessary for the Court to issue a report and recommendation concerning the timeliness of Sterling's habeas petition.

Sterling's claim of actual innocence does not present a "rare and extraordinary circumstance" for which the Court may consider an equitable tolling of the statute of limitations.[3] As noted above, Sterling's actual innocence claim is based upon an alleged withholding of evidence by the prosecution or a *Brady* violation; however, the prosecution's duty under *Brady* to disclose exculpatory evidence to the defense is expressly premised upon the defendant's right to a fair trial - a concern that does not arise in a case such as this, where petitioner waived trial and pled guilty.[4] As the State notes in its opposition, when Sterling elected to plead guilty to the lesser charge of forcible rape, he not only waived his right to a trial at which evidence of his alleged guilt would have been presented, but he also waived his right to receive any alleged *Brady* evidence that the State may have

---

[3] *See, U.S. v. Riggs*, 314 F.3d 796 (5th Cir. 2002), quoting *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002)("[A] petitioner's claims of actual innocence are [not] relevant to the timeliness of his petition." The one-year limitations period established by §2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted).

[4] *See, Orman v. Cain*, 228 F.3d 616 (5th Cir. 2000)(State prisoner was not entitled to habeas relief based upon the prosecution's failure to disclose exculpatory evidence prior to the prisoner's guilty plea; in the absence of contrary, clearly established federal law as determined by the U.S. Supreme Court, it was patently reasonable for the state court to decide not to extend the *Brady* duty to disclose to cases in which a defendant entered a guilty plea); *U.S. v. Santa Cruz*, 297 Fed.Appx. 300 (5th Cir. 2008)(Defendant argued that his guilty plea was not knowing and voluntary because of the Government's alleged *Brady* violations, which occurred before his guilty plea was entered; Fifth Circuit held that such argument was foreclosed by its precedent); *Matthew v. Johnson*, 201 F.3d 353, 361-62 (5th Cir. 2000)("Because a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilty, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation"); *United States v. Ruiz*, 536 U.S. 622, 634, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002)(concurring)("The principle supporting *Brady* was avoidance of an unfair trial to the accused. That concern is not implicated at the plea stage regardless"); *Comer v. U.S.*, 2009 WL 5033924 (N.D.Tex. 2009)(*Brady's* disclosure requirements are not applicable in the plea context).

used at that trial.  Accordingly, Sterling's claim of actual innocence based upon alleged newly discovered *Brady* evidence does not justify equitable tolling of the AEDPA limitations period and does not preclude the dismissal of his habeas petition as untimely.  Since the undersigned is able to dispose of Sterling's habeas petition without the necessity of oral argument or a hearing, Sterling's motion for evidentiary hearing (R. Doc. 9) should also be denied.

## RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Geno Sterling, should be **DISMISSED WITH PREJUDICE** and that petitioner's Motion for an Evidentiary Hearing (R. Doc. 9) should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, July 15, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**